[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION
On June 2, 2000, on motion of the appellee, the above entitled eminent domain action was ordered referred to the undersigned, Judge Trial Referee, in accordance with General Statutes § 13a-76, by the presiding judge (Berger, J.) "for all further proceedings, including hearing, decision and judgment and it [was] further [o]rdered that within sixty (60) days hereof the parties hereto shall exchange copies of all appraisal reports."
Prematurely, in an improper anticipation of a violation of the order for the exchange of appraisal reports, and contrary to the rules of practice, the appellee on July 17, 2000, filed a motion dated July 14, CT Page 14100 2000, for nonsuit for failure to comply with the court order for exchange of appraisal reports. The motion was noted to be decided without argument or testimony.
Notwithstanding the prior reference of the file to the undersigned "for all further proceedings," the motion for nonsuit was erroneously diverted for a short calendar ruling to a trial judge (Solomon, J.) who granted the motion. No notice of this ruling was sent to the parties or their counsel.
On October 17, 2000, the parties appeared for trial before the undersigned as previously scheduled. Before its commencement, the court reviewed the pleadings with counsel. It was then discovered to the surprise of the parties that the nonsuit entered without notice on the premature motion existed in the file.
The appellant's appraisal was then furnished to the appellee. Counsel for the appellant withdrew his pending motion to withdraw from the action, the disagreement with client on representation being clarified.
After hearing, the order of nonsuit was revoked and the premature motion on which it was predicated was denied. There was no evidence or finding that the appellee was prejudiced by the later delivery of the property owner's appraisal. Reasonable and good cause existed for the action taken by the undersigned. Trial by surprise will not be condoned by the court. Thereafter, trial began as scheduled.
On October 20, 2000, the appellee filed a motion for reconsideration. In his allegations he confirms the professional difficulties that had previously existed between appellant and counsel, as disclosed before trial commenced and the exchange of appraisals. Nowhere in his allegations does he recite:
1. The prematurity of his claim for noncompliance of a court order;
2. The motion for nonsuit was misdirected to a trial judge contrary to the order of reference, general statute and jurisdiction of the eminent domain action to the undersigned; and
3. Notice of the nonsuit was not given, as required by the Practice Book, to the parties.
In his opposition memorandum, counsel for the appellant refers by copy to the Judicial Branch Web Site for this case. Under pleading "Results," two are blank. Docket No. 109 will be completed; no. 113 is moot, and mootness is not categorized. No. 135 will be corrected. The docket file CT Page 14101 itself is the best record and evidence of the pleadings and rulings thereon. The internet reference is secondary to the file. While helpful to the public, it has been shown to be incomplete and inaccurate in this instance.
The motion for reconsideration is denied.
BY THE COURT
William C. Bieluch Judge Trial Referee